JUSTICE COTTER
dissents.
¶26 Watson argues that the record does not establish why his counsel failed to inquire of Dr. Stratton whether Watson could conform his behavior to the requirements of the law (¶ 8), and that because the “why” cannot be determined from the record, the matter must be resolved on postconviction proceedings. The Court agrees with him. While I agree with the Court’s recitation of the law in this regard, I dissent, as I did in Soraich, from the Court’s conclusion that the “why” cannot be determined from the record.
¶27 Dr. Stratton’s report was made a part of the record. As the District Court pointed out in its Order and Memorandum, Dr. Stratton’s report specifically states that Watson “... has the capacity to understand and meet the requirements of the law.” In the face of such a categorical conclusion, it is impossible for me to conclude that the record does not adequately explain why Watson’s counsel did not ask the doctor whether Watson could conform his behavior to the requirements of the law. The answer is obvious: Because the doctor clearly said in his report that Watson could conform his conduct to the law’s requirements. Why fault counsel for failing to ask a question that has already been answered? A remand to make the inquiry is simply senseless.
¶28 The District Court concluded that this issue, being record-based, should have been raised on direct appeal, and farther concluded that defense counsel was not ineffective in any event for failing to raise a frivolous argument. I agree on both grounds and would affirm the District Court.
CHIEF JUSTICE GRAY joins in the foregoing dissent.